### UNITED STATES v. SEMENIUK.

No. 10440.

United States Court of Appeals
Seventh Circuit.

Jan. 11, 1952.

George F. Callaghan, Myer H. Gladstone, Chicago, Ill., for appellant.

Otto Kerner, Jr., U. S. Atty., Richard E. Gorman, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

MAJOR, Chief Judge.

The Grand Jury returned a one-count indictment in which it was charged that the defendant and one Michael Castaldo did, on or about April 21, 1948, in the City of Chicago, State of Illinois, "unlawfully, wilfully and knowingly have in their possession certain goods and chattels, to wit, two drums of precious metal-bearing residue, which said goods and chattels had been theretofore unlawfully stolen, taken and carried away from a certain railroad car in the care, custody and control of the Pennsylvania Railroad Company * * * while said goods and chattels were in the course of transportation from, to wit, Nassau Smelting & Refining Company, Tottenville, Staten Island, New York, * * * consigned to, to wit, Goldsmith Brothers Smelting & Refining Company, Chicago, Illinois, and while said goods and chattels had been moving as a part of an interstate shipment of freight through the Northern District of Illinois, * * * and that the said defendants when they had the said goods and chattels in their possession, then and there well knew the same to be stolen, as aforesaid: in violation of Section 409, Title 18,[1] United States Code."

Defendant entered a plea of not guilty and the District Court allowed his motion for a separate trial. The case was tried to a jury, which returned a verdict of guilty. Thereupon, the court entered judg-

---

1. See 1948 Revised Criminal Code, 18 U.S.C.A. §§ 659, 660, 2117.

ment, from which the defendant appeals to this court.

The principal issues argued here are (1) the denial by the trial court of defendant's motion for a directed verdict because of the insufficiency of the evidence, and (2) the court's charge to the jury, asserted to be erroneous and prejudicial.

On the first issue defendant argues that the proof was insufficient to justify submission of the case to the jury on two essential elements, (1) that the two drums of metal had been stolen from the Pennsylvania Railroad Company as alleged, and (2) in any event, the proof was insufficient that the defendant had knowledge that they had been theretofore stolen.

After some hesitation, we have concluded for the reasons subsequently stated that the judgment must be reversed and the cause remanded for a new trial. Such being the case, we discern no point—in fact, we think it of doubtful propriety—in discussing the facts, and particularly those upon which the government relies. For the purpose of this opinion it is sufficient to note that we have examined the testimony, and while we cannot say that the court erred in denying defendant's motion for a directed verdict or that the jury, if properly instructed, was not justified in returning a verdict of guilty, we are convinced that the case approaches the borderline, particularly upon the issue of defendant's knowledge.

The defendant offered three character witnesses who testified that his reputation for honesty, integrity and as a law-abiding citizen was good. Relative to such testimony, the court charged the jury: "Character witnesses have testified, that is to say, witnesses have taken the stand and testified to the good reputation of the defendant for honesty and integrity, truth and veracity and as a law abiding citizen. That testimony is competent testimony and you must take it in consideration with all the other facts and circumstances of the case. Evidence of good character may be sufficient to create in your minds a reasonable doubt as to the guilt of the defendant." Immediately following this instruction, the court further charged the jury: "However, the mere fact that a defendant may have had a good reputation prior to this time should not be used by you as an excuse to acquit him in the case."

The defendant, neither below nor here, questions the propriety of the first portion of the instruction, but appropriately objected to the second in the trial court and here contends that the giving of it was prejudicial error.

■ Certainly the latter portion of the charge if standing alone is erroneous. That admonition to the jury makes the use of good character evidence meaningless. It would be an empty gesture if it could not be considered by the jury and utilized in a proper case for the purpose of acquittal. The government argues, however, that the two portions of the charge when read together are in no way repugnant or conflicting. We cannot so read them. In the first portion, the jury was properly instructed relative to character testimony and was told that evidence of such "may be sufficient to create in your minds a reasonable doubt as to the guilt of the defendant" but, subsequently, that such testimony "should not be used by you as an excuse to acquit him in the case." But such evidence could be used as an excuse (we think "reason" is a better word) for a verdict favorable to the defendant. Certainly, if it raised a reasonable doubt of guilt it was sufficient and the defendant was entitled to have that made clear to the jury.

■ We see no point in citing or discussing the numerous cases called to our attention wherein instructions on character evidence have been considered and discussed. We have examined these cases and none of them support the giving of a charge such as here complained of. In the recent case of United States v. Wicoff, 7 Cir., 187 F.2d 886, on page 890 this court, in referring to character evidence, stated: "Such evidence may in itself be sufficient to create in the minds of the jury a reasonable doubt of the guilt of the defendant."

That is the universal rule, so far as we are aware, and it certainly is the rule in this Circuit.

That the instruction as given was erroneous is hardly open to question. And it is reasonable to think that it was calculated to mislead the jury into ignoring defendant's evidence of good character. We think it was, or at any rate might have been prejudicial to the defendant, particularly in view of the fact that knowledge, the gist of the offense, could only be inferred from facts and circumstances in proof. As previously stated, the evidence on this essential element of the case, when viewed most favorably to the government, was close and the erroneous statement contained in the court's charge might well have produced an effect adverse to the defendant.

The judgment is reversed and the cause remanded for a new trial.