**BOZEL v. UNITED STATES.**

No. 9511.

Circuit Court of Appeals, Sixth Circuit.

Dec. 14, 1943.

See, also, Bozel v. Hudspeth, 10 Cir., 126 F.2d 585.

Emmet H. Bozel, in pro. per.

Roy C. Scott, of Cleveland, Ohio (Don C. Miller and Roy C. Scott, both of Cleveland, Ohio, on the brief), for appellee.

Before ALLEN, HAMILTON, and McALLISTER, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant, Emmet H. Bozel, appearing here in propria persona was indicted in the United States District Court for the Northern District of Ohio, Eastern Division, June 14, 1939, for violation of U.S.C.A., Title 18, Section 338. The indictment contained three counts and appellant on trial was convicted on all of them. The trial court, on September 15, 1939, sentenced appellant to five years imprisonment on each count, the sentences on counts 1 and 2 being consecutive and the sentence on count 3 being concurrent with those on counts 1 and 2. On January 30, 1943, appellant filed a motion for vacation of the sentences which the trial court denied and from which order of denial this appeal is prosecuted.

Appellant states five alleged grounds for vacation of the sentences:

(1) The first count charged appellant with devising a scheme or artifice to defraud. The scheme was therein particularized and the persons and corporations who were its objects were named. This count charged appellant with placing in the mails at Cleveland, Ohio, a letter addressed to one of the corporations previously named as one of the intended victims. The second and third counts incorporated by reference the particulars of the scheme stated in the first count and each of these counts separately charged appellant with placing in the mails at Cleveland, Ohio, a letter in furtherance of his scheme, each letter being addressed to a different corporation whose name was listed in the first count.

From these facts, appellant insists that the entire indictment charged but one offense and that the trial court was without jurisdiction to impose a sentence for more than one offense, and as the sentences on counts one and two were consecutive that the trial court twice put him in jeopardy for the same offense.

█ The test for determining whether the offenses charged in one or more counts of an indictment are identical is whether the facts alleged in one, if offered in support of the other would sustain a conviction. Morgan v. Devine, 237 U.S. 632, 639, 35 S.Ct. 712, 59 L.Ed. 1153; Ebeling v. Morgan, 237 U.S. 625, 630, 35 S.Ct. 710, 59 L.Ed. 1151. Where one count requires proof of a fact which the other does not, the offenses charged are not identical. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306; Gavieres

v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489.

■ The proof of the mailing of the letter to the corporation named in the first count would not sustain a conviction on the second count, and vice versa the mailing of the letter to the corporation named in the second count would not sustain a conviction on the first count. The gist of the offense under the statute in question is the mailing of a letter in the execution of the scheme to defraud. The mailing and the letter itself constitute the corpus delicti. The statute forbids, not the general use of the post office for the purpose of carrying out a fraudulent scheme or device, but the depositing in the post office of a letter or the removal of a letter from the post office in furtherance of a fraudulent scheme. Each letter so removed and each letter so deposited is a separate and distinct violation of the statute. In re Henry, 123 U.S. 372, 8 S.Ct. 142, 31 L.Ed. 174; Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709.

■ The fact that the first count listed the persons and corporations which appellant's scheme envisioned and included those named in the second and third counts does not lead to the conclusion that the United States intended to charge numerous offenses in the first count nor make the indictment duplicitous. The purpose of naming the persons and corporations in the first count was to designate the names of those injured by the scheme and to set forth the facts which constituted appellant's transgressions.

On November 21, 1934, appellant was convicted and sentenced by the United States District Court at Jacksonville, Florida, for a violation of the Mail Fraud statute (Title 18 U.S.C.A. § 338).

Under the Parole Act (Title 18 U.S.C.A. §§ 724–727) appellant had been released from incarceration at the time of the imposition of the sentences here but there remained unserved fifteen months of his previous sentence. He claims it was the duty of the trial court to have provided in the present sentences that they be concurrent or consecutive with the unserved portion of the earlier sentence and further insists that the trial court failed to take into consideration the fact that his present conviction would, under the Parole Act, require him to finish the service of the old sentence.

■■ Under the Parole Act, if the behavior of defendant warrants, he may be paroled when he has served one-third of his sentence, but the court lacks the power to arrest execution of sentence after it is imposed and defendant has been delivered to the executive officers of the government for its service. The matters of commutation of sentence, pardon, conditional or otherwise, or parole, are purely the province of the executive department. Article 2, Section 2, Clause 1 of the Constitution; Ex parte Wells, 59 U.S. 307, 18 How. 307, 15 L.Ed. 421; United States v. Murray, 275 U.S. 347, 348, 48 S.Ct. 146, 72 L.Ed. 309.

The beginning of the service of a sentence in a criminal case ends the power of the court to control it at the expiration of the term at which it is imposed. Ex parte Lange, 85 U.S. 163, 18 Wall. 163, 21 L.Ed. 872; Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808.

■ A court, when imposing sentence, may take into consideration the fact that a prisoner sentenced to a federal penal institution for an offense committed while he was on parole from such an institution may be required by the Parole Board to serve the unexpired portion of his first sentence after the expiration of his second one, but it is not compelled to do so, and the fact that the judgment in a criminal case makes no provision for this contingency does not make the second sentence irregular or invalid. According to the allegations of appellant's motion, the trial court was aware at the time the present sentences were imposed that appellant was a parolee and the presumption prevails that the court gave consideration to appellant's status in fixing the length of sentences. In any event the trial court had a discretion in the matter and, there being no showing that such discretion was abused, the appellate court has no control over it.

(2) All of the persons and corporations named in the indictment, which it is claimed were within the ambit of appellant's fraudulent scheme, were non-residents of the Northern District of Ohio and the only jurisdictional fact appearing in the record on which the indictment was based was that appellant, in furtherance of his scheme, had deposited in the United States mails at Cleveland, Ohio, letters addressed to non-residents of the District. There is

no charge that the letters were delivered to the points of destination.

 From this, appellant urges that the court lacked jurisdiction because no part of the alleged scheme on which the indictment was based was effected in the District where the indictment was returned. Under the plain language of the statute, the government may elect to commence prosecutions under it in the District where the letter is mailed or in the District where it is received. Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861. The trial court had jurisdiction.

 (3) and (4). Appellant claims that the sentences imposed on him are the result of irregularities growing out of the presentation to the Grand Jury of evidence of other offenses committed by him beyond the court's jurisdiction, and also that in the course of the trial witnesses were permitted to testify over appellant's objection that he had theretofore been convicted of the offense of using the mails in fraudulent schemes and that other incompetent evidence was heard by the jury over his objection, all of which permeated the sentences. These contentions are not open for the court's consideration on a motion for a correction for a sentence. It is a familiar general rule that, in the absence of a statute providing otherwise, a criminal court cannot alter or set aside its final judgment after the expiration of the term at which it was entered unless proceedings to that end were initiated at the term of court at which the sentence was imposed. United States v. Mayer, 235 U.S. 55, 35 S. Ct. 16, 59 L.Ed. 129.

 On a motion made for the correction of a sentence after the expiration of the term at which such sentence was imposed, the jurisdiction of the district court is of limited scope. Before a sentence may be avoided on such a motion, the burden rests on the defendant to show that the court was without jurisdiction to impose the particular sentence or that the proceedings on which it was based were themselves so involved or irregular as to make the judgment void. Such a proceeding may not be resorted to for the correction of errors of law which do not vitiate the judgment. The matters of which appellant complains in his contentions (3) and (4), relate to alleged errors of law, if any, committed in the course of the trial of which the court had jurisdiction. Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; Crockett v. United States, 9 Cir., 125 F.2d 547; Gilmore v. United States, 10 Cir., 129 F.2d 199.

 (5) Lastly, appellant attacks the judgment on the ground that the court awarded costs of $25.00 to the United States. The practice as to the imposition of costs is the same in criminal cases as in civil. The trial court, in its discretion, had the authority to award the United States a judgment for costs against appellant.

Judgment affirmed.