**William SEAWRIGHT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 12436.**

United States Court of Appeals
Sixth Circuit.

June 15, 1955.

J. J. P. Corrigan and John W. Kellogg, Cleveland, Ohio, for appellant.

Sumner Canary, Cleveland, Ohio, and Russell E. Ake, Canton, Ohio, for appellee.

Before SIMONS, Chief Judge, and MILLER and STEWART, Circuit Judges.

PER CURIAM.

Appellant was convicted of violating Section 1503 of Title 18 of the United States Code in endeavoring to persuade a woman to change the testimony she was to give in a criminal case pending in a federal district court. The indictment was in the following language:

"That on or about the 4th day of November, 1953, William Seawright, defendant herein, did, in the City of Cleveland in the Eastern Division of the Northern District of Ohio, wilfully endeavor to influence, intimidate and impede one Sarah Louise Glover, a witness in the case of United States of America v. LeRoy King, in the District Court of the United States, Western District of Michigan, Southern Division, endeavoring to influence, obstruct, and impede the due administration of justice; in violation of Title 18, Section 1503, United States Code."

Appellant complains that this indictment was insufficient in failing to include the word "corruptly", in not containing an express allegation of appellant's knowledge that the woman was to be a witness, and in not including the statutory language "in the discharge of his (her) duty."

These contentions are without substance. The indictment "fairly apprised the defendant of the crime intended to be alleged so as to enable him to prepare his defense and to make the judgment, whether of acquittal or conviction, a complete defense to a second prosecution for the same offense." The indictment was therefore clearly sufficient. See Judge Martin's opinion for this court in Anderson v. United States, 6 Cir., 215 F.2d 84, at page 86, and authorities there cited.

Appellant's further contentions with respect to the conduct of his trial are likewise without merit. The case was tried to the court without a jury. As the trier of the facts, the district judge chose to credit the testimony of the Government witnesses and to disbelieve appellant's testimony. We cannot say that the judgment of conviction was not supported by substantial evidence. Moreover, the court's rulings upon the admission and exclusion of evidence were well within his discretion and not erroneous.

The judgment is affirmed.