**Horace Worth HOLLAND, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16163.**

United States Court of Appeals
Fifth Circuit.

June 21, 1957.

**342**

Albert Datz, Jacksonville, Fla., for appellant.

E. Coleman Madsen, Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

For the purpose of the decision it is unnecessary to set forth the facts in the case. Only two assignments of error require discussion:

First, the indictment, sufficiently alleging an offense in the language of the statute and putting the defendant on notice, Lynch v. United States, 5 Cir., 189 F.2d 476, certiorari denied 342 U. S. 831, 72 S.Ct. 50, 96 L.Ed. 629; Hermansen v. United States, 5 Cir., 228 F. 2d 495, certiorari denied 351 U.S. 924, 76 S.Ct. 781, 100 L.Ed. 1455; Kreuter v. United States, 5 Cir., 218 F.2d 532, certiorari denied, 349 U.S. 932, 75 S.Ct. 777, 99 L.Ed. 1262, that the accusation against him was that of corruptly endeavoring to influence a juror, 18 U.S. C.A. § 1503, was not, as claimed, rendered fatally defective because of the failure to allege a purpose on his part to obstruct the administration of justice.

The second assignment is the refusal of the trial judge to give a request instruction[1] on the effect of good character evidence in behalf of the defendant. The portion of the requested and refused charge deemed particularly important by the appellant is a paraphrase of certain language found in Edgington v. United States, 164 U.S. 361, 366, 17 S.Ct. 72, 73, 41 L.Ed. 467, 471: "Whatever may have been said in some of the earlier cases, to the effect that evidence of the good character of the defendant is not to be considered unless the other evidence leaves the mind in doubt, the decided weight of authority now is that good character, when considered in connection with the other evidence in the case, may generate a reasonable doubt. The circumstances may be such that an established reputation for good character, if it is relevant to the issue, would alone create a reasonable doubt, although without it, the other evidence would be convincing."

The Court below instructed the jury, "* * * if the evidence with regard

---

[1] "* * * It is proper and competent evidence, and is to be considered by the jury along with the presumption of innocence, and along with the other facts in the case. * * * Evidence of good character where relevant and material as in this case may be sufficient in and of itself and alone to generate and create a reasonable doubt of the guilt of the accused, though without it, the other evidence in the case might be convincing as to their guilt."

to good character, to good reputation, is sufficient *when considered with all the other evidence in the case to create* in your mind a reasonable doubt of his guilt then it is your duty to acquit him upon *that evidence, including* that of good character." (Emphasis added.) The problem narrows therefore to whether this instruction fairly apprised the jury that in some circumstances "* * * that such testimony *alone* * * * may be enough to raise a reasonable doubt of guilt * * *" (emphasis added), Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 219, 93 L.Ed. 168, 174, and this is so even though "* * * without it the other evidence would be convincing," Edgington v. United States, supra.

▇▇▇▇ Attesting to the importance attached to the problem by the Courts, requested instructions based on variations in wording of the Edgington pronouncement have been the spawning ground for considerable appellate discussion [2] as to when, how, under what circumstances, and in what detail the trial court is required to transmute the principle into a working gauge for the jury.

It is unnecessary to make an extended analysis of the cases. While the trial judge correctly instructed the jury that the good character evidence was to be considered along with all the evidence and if a reasonable doubt was created, they should acquit, this instruction "* * * * is drawn too narrowly. It does not tell the jury that character testimony may be such that *it alone may create a reasonable doubt*, although without it the other evidence would be convincing." (Emphasis supplied.) Hayes v. United States, 10 Cir., 227 F.2d 540, 545.

The evidence of the Government sufficiently, but not conclusively, established an attempt on the part of the defendant improperly to influence a juror. The defendant under oath denied emphatically the requisite corrupt intention to so influence the juror. On this record, showing a long-time employment with the City of Jacksonville and a life otherwise free from crime or arrests of any nature, we are unable to say that the omission in the judge's charge did not result to Holland's prejudice. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557; Fed. Rules Crim. Proc. rule 52(a), 18 U.S.C.A.

Reversed and remanded for a new trial.

2. Certain basic principles seem clearly established. It is error to allow the case to go to the jury without any instruction on the effect of good character evidence, in an appropriate case, when a properly worded instruction has been offered. Michelson v. United States, supra; Villaroman v. United States, 87 U.S.App.D.C. 240, 184 F.2d 261, 21 A.L.R.2d 1074; United States v. Frischling, 3 Cir., 160 F. 2d 370; Hoback v. United States, 4 Cir., 284 F. 529. It is inadequate merely to charge the jury that they may "consider" such evidence without specifying in some manner what part it may play in their deliberations, Hayes v. United States, 10 Cir., 227 F.2d 540; United States v. Donnelly, 7 Cir., 179 F.2d 227; Accord, Greer v. United States, 10 Cir., 227 F.2d 546. And, of course, it is error to charge that such evidence may be considered only if the jury is in doubt as to the other evidence in the case, Edgington v. United States, supra; United States v. Wicoff, 7 Cir., 187 F.2d 886.

And see also United States v. Semeniuk, 7 Cir., 193 F.2d 508; Salinger v. United States, 8 Cir., 23 F.2d 48; United States v. Lowenthal, 2 Cir., 224 F.2d 248; Marzani v. United States, 83 U.S. App.D.C. 78, 168 F.2d 133, affirmed (per curiam mem. by equally divided Court), 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431, affirmed on rehearing (again per curiam mem. by equally divided Court), 336 U.S. 922, 69 S.Ct. 653, 92 L.Ed. 1084. Compare Colbert v. United States, 79 U.S. App.D.C. 261, 146 F.2d 10, with Villaroman v. United States, supra.