**James Terrell KNIGHT, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 19575.

United States Court of Appeals
Fifth Circuit.

Nov. 23, 1962.

Joseph H. Davis and J. Sewell Elliott, Macon, Ga., for appellant.

William A. Davis, Jr., Asst. U. S. Atty., Macon, Ga., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and JOHNSON, District Judge.

PER CURIAM.

James Terrell Knight was indicted on a four-count indictment charging violations of 18 U.S.C. § 1503.[1] After trial and upon submission of the case to a

---

1. Section 1503, Title 18 United States Code, as here pertinent, states:

"Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or other committing magistrate, \* \* \* or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

jury, he was acquitted on three counts (1, 2, and 4) and was convicted upon Count Three. Count Three charged as follows:

"On or about the 22nd day of March, 1961, in the Macon Division of the Middle District of Georgia, within the jurisdiction of this Court, said James Terrell Knight did unlawfully, willfully, knowingly, and corruptly endeavor to influence, obstruct and impede the due administration of justice in the District Court of the United States for the Middle District of Georgia, in that the said James Terrell Knight was then under charges as a defendant for alleged violations of the laws of the United States in a criminal case then pending in the United States District Court for the Middle District of Georgia, wherein said Lawrence L. Knight was a witness, the said James Terrell Knight knowing that the said Lawrence L. Knight was a witness in said criminal case then pending against him, and the said James Terrell Knight, did on the 22nd day of March, 1961, unlawfully, willfully, knowingly and corruptly offer; and agree to pay, to one Betty Frances Pope the sum of $100.00, and to buy for her use a pocket-book as an inducement to the said Betty Frances Pope to endeavor to influence, intimidate and impede the said Lawrence L. Knight as a witness in the said criminal proceeding then pending against the said James Terrell Knight; and thereafter the said Lawrence L. Knight was informed of the inducement made by the said James Terrell Knight to Betty Frances Pope to intimidate, impede and influence his actions as such witness, and the said James Terrell Knight did by these acts, conversation and means corruptly endeavor to impede the due administration of justice, in violation of Sections 2 and 1503, Title 18 United States Code."

Count Four and the evidence relating thereto is not pertinent to this appeal. However, the testimony taken upon the trial that might shed light as to the appellant's intent was not restricted to any one count. In this connection, it should be pointed out that Count One charged appellant with, on March 27, 1961, offering one Lawrence L. Knight—known by appellant to be a witness in a case pending against him—the sum of $125 not to testify against him. Count Two charged appellant with, on March 27, 1961, stating to Lawrence L. Knight, "If you testify against me, I will have you killed. I won't do it myself, but I will have it done."

The case in which the evidence showed Lawrence L. Knight was to be a witness was one where the appellant, James Terrell Knight,[2] was indicted by a Federal Grand Jury in the Middle District of Georgia. The indictment was returned on February 1, 1961, and charged James Terrell Knight with criminal conspiracy to violate certain sections of the Internal Revenue Code as that Code relates to nontaxpaid whiskey. At least one of the overt acts in that case concerned an alleged sale of nontaxpaid whiskey by James Terrell Knight, this appellant, to Lawrence L. Knight. The whiskey conspiracy indictment had been returned and the case was pending against James Terrell Knight—with the trial scheduled for April 1961—when the events that form the basis for the case now before this court were alleged to have occurred.

A fair appraisal of the evidence taken on the trial below, as it is here material, establishes these facts:

■ An indictment charging a criminal offense was pending in the United States District Court for the Middle District of Georgia against James Terrell Knight and others at the time of the commission of the offense with which this court is now concerned—i. e., March 22, 1961. Lawrence L. Knight, while on probation in the Federal Court for the Middle District of Georgia, assisted the

---

2. The evidence showed that Lawrence L. Knight and James Terrell Knight are not related.

Federal Alcohol Agents in securing the evidence in the whiskey case against James Terrell Knight. As a matter of fact, and we think it is extremely important in this case, Lawrence L. Knight was on probation during the entire time with which we are here concerned. This appellant visited the witness Knight during March 7, 1961, and offered him $125 not to appear in court against him. The appellant further stated that if he did appear he would kill him or have him killed. While the jury found this appellant not guilty on the counts that directly related to these occurrences, the evidence was not restricted, nor was any motion made to restrict or exclude it, to those counts only. It certainly was admissible for whatever light it might have shed for the jury upon their determining James Terrell Knight's intent in soliciting the assistance of one Betty Frances Pope, who testified as follows:

"Q Do you know Terrell Knight?

"A Yes, sir.

"Q Did he ever offer to hire you to do a little job for him?

"A Yes, sir.

"Q Tell us about that.

"A He came in and he said—er—he asked me if I wanted to make an easy hundred dollars, and I asked him how. He said he wanted to put some moonshine whiskey in Red Knight's bar.

"Q How much did he said [sic] he would give you to do that?

"A A hundred dollars.

"Q Did you take him up on the deal?

"A I told him I would meet him down at Jim's place, Jim's Tavern, down the street.

"Q Did you meet him?

"A Yes.

"Q What happened then?

"A He gave me five—he made—we made arrangements to put the whiskey in there. He gave me five dollars to buy a big pocket book with and he told me I could get it in there and my finger prints wouldn't be on it. In other words, he would put in [sic] in a small paper bag.

"Q What was this pocketbook to be for?

"A To put the whiskey in.

"Q The whiskey he wanted you to put in Lawrence Knight's place?

"A Yes.

"Q Well, did you go through with the deal?

"A No. I got to thinking about it and I told him I couldn't do it. So Lillian Taylor came in Red Knight's bar one night and I gave her back the five dollars that he gave me to buy the pocketbook and I said, 'Lillian, I can't do it.'"

Appellant complains that the count in the indictment for which he was convicted failed to state an offense. We do not agree. Success or failure of the endeavor is immaterial. Catrino v. United States (9th Cir., 1949), 176 F.2d 884. Nor is the indictment rendered defective due to the failure to allege that the appellant intended to obstruct the administration of justice. As this court stated in Samples v. United States (5th Cir., 1941), 121 F.2d 263:

"The statute is broad enough to cover any act, committed corruptly, in an endeavor to impede or obstruct the due administration of justice."

The appellant was sufficiently and fairly informed of the charge against him.

Appellant's other complaint relates to the sufficiency of the evidence. There is no question but that there must exist a specific intent in order to violate § 1503. Pettibone v. United States (1893), 148 U.S. 197, 13 S.Ct. 542, 37 L. Ed. 419. This specific intent must be to do some act or acts which tend to impede or influence, obstruct, or impede the due administration of justice. The in-

tent was for the jury to determine from all the evidence, including the prior visits to the witness if they believed the testimony concerning them, the probationary sentence that Lawrence L. Knight was under, the likely effect on his probation the discovery by officers of illegal whiskey on his premises would have, the possible intimidating effect it would have on a probationer even if discovered by himself. This critical question of intent was submitted to the jury with proper instructions by the trial court.

Taking all the evidence into consideration and viewing it in the light required— McFarland v. United States (5th Cir., 1960), 273 F.2d 417—it is sufficient.

The judgment of the lower court is

Affirmed.