**UNITED STATES of America**

v.

**Richard ZOLLI and Angelo Winchell,
Defendants.**

**No. 70–CR–663.**

United States District Court,
E. D. New York.

Nov. 25, 1970.

Edward R. Neaher, U. S. Atty., E. D. N. Y., Brooklyn, N. Y., for the Government; Emanuel A. Moore, Asst. U. S. Atty., of counsel.

Gillen & O'Brien, New York City, for defendant Richard Zolli; Michael Gillen, New York City, of counsel.

Joseph J. Petito, Brooklyn, N. Y., for defendant Angelo Winchell.

*Memorandum of Decision and Order*

MISHLER, Chief Judge.

The defendants move to dismiss the indictment on the various grounds hereinafter stated. The motions, made after the commencement of the trial, were not timely made. Rule 12(b) (2), Rules of Criminal Procedure. The court also found that the motions were without merit. Verdicts of guilty were found against both defendants on all counts and the court now sets out its reasons in detail for the denial of the motions.

The defendants challenged the sufficiency of count 1 of the indictment in that it fails to allege that the defendants knew John Hodges to be a witness in a pending proceeding. The challenge to count 2 is based on the supposition that the claimed interference by the defendants in preventing John Hodges from giving information to a Special Agent of the United States Secret Service concerned itself with the proceeding already pending in this court. It became apparent, however, during the trial that defendants were mistaken as to the theory of count 2 and that count 2, in fact, concerns itself with an on-going investigation separate and apart from the charge contained in Count 1. The defendants conceded that their challenge could not stand.

The remaining attacks made by the defendants were directed to the manner of pleading Counts 1 and 2. The defendants claimed that Counts 1 and 2 are duplicitous and multiplicitous.

The first ground upon which the motion to dismiss is made is that the in-

dictment fails to charge defendants with knowledge or notice that John Hodges was to be a witness. In ascertaining the standard by which to test the sufficiency of the indictment, it must be observed that the older cases have held indictments to a quite strict standard. In Pettibone v. United States, 148 U.S. 197, 202, 13 S.Ct. 542, 545, 37 L.Ed. 419 (1893), for example, the Supreme Court enunciated the following strict standard:

> The general rule in reference to an indictment is that all the material facts and circumstances embraced in the definition of the offense must be stated, and that, if any essential element of the crime is omitted, such omission cannot be supplied by intendment or implication.

Under the *Pettibone* standard, an indictment under a predecessor of section 1503 was quashed for failure to adequately charge that the defendant knew there was a pending proceeding.

More recent cases, however, have indicated that the standard to which pleaders were held in the *Pettibone* era would no longer be applicable. The Supreme Court noted the evolution in pleading theory in its 1932 decision in Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932) wherein it stated:

> The rigor of old common-law rules of criminal pleading has yielded, in modern practice, to the general principle that formal defects, not prejudicial, will be disregarded. The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction."

*Id.* at 431, 52 S.Ct. at 419, citing Cochran v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 39 L.Ed. 704 (1894). Other courts have echoed this new approach. *See, e. g.,* Parsons v. United States, 189 F.2d 252, 253 (5th Cir.1951) (wherein the court observed that "[t]he cynically technical approach which formerly enshrouded the consideration of even the plainest and simplest indictments, and, in many instances, made a mockery of simple justice, no longer governs their consideration."). This is not to say that there are no standards to be applied.

The Second Circuit has recently noted the constitutional function of an indictment, *i. e.*:

> (1) informing the defendant of the "nature and cause of the accusation" as required by the sixth amendment;

> (2) providing a basis for ascertaining the scope of the charge to prevent a defendant from being "subject for the same offence to be twice put in jeopardy of life or limb" as required by the fifth amendment; and

> (3) preserving the protection provided by the fifth amendment that no person be "held to answer for a capital, or other infamous crime, unless on a presentment or indictment of a Grand Jury."

United States v. Silverman, 430 F.2d 106 (2d Cir.1970).

Translated into practical requirements, most courts hold that an indictment must enable a defendant "to know what he is charged with, to prepare his defense, and to plead jeopardy in the event of subsequent convictions for the same offense." Hunt v. United States, 400 F.2d 306, 308 (5th Cir.), cert. denied, 393 U.S. 1021, 89 S.Ct. 629, 21 L. Ed.2d 566 (1968). Judge Irving R. Kaufman has set out similar minimum standards which an indictment must meet:

> All an indictment need do in order to withstand a motion to dismiss is "sufficiently apprise the defendant of

what he must be prepared to meet", United States v. Smith, 3 Cir., 1956, 232 F.2d 570, 572 and give him the basis of a plea of former jeopardy.

United States v. Bonanno, 177 F.Supp. 106, 113 (S.D.N.Y.1959), rev'd on other grounds, United States v. Bufalino, 285 F.2d 408 (2d Cir.1960). *See also* Seawright v. United States, 224 F.2d 482 (6th Cir.), cert. denied, 350 U.S. 838, 76 S.Ct. 76, 100 L.Ed. 748 (1955) (indictment must "fairly apprise the defendant of the crime intended to be alleged, so as to enable him to prepare his defense and to make the judgment, whether of acquittal or conviction, a complete defense to a second prosecution for the same offense."); Anderson v. United States, 215 F.2d 84 (6th Cir.), cert. denied, Lewis v. United States, 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 698 (1954); Hicks v. United States, 173 F.2d 570 (4th Cir.), cert. denied, 337 U.S. 945, 69 S.Ct. 1501, 93 L.Ed. 1748 (1949) ("The sufficiency of a criminal pleading should be determined by practical, as distinguished from purely technical, considerations. Does it, under all the circumstances of the case, tell the defendant all that he needs to know for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy? If so, it should be held good."). There are however some courts which have not as yet gone as far. *See, e. g.,* United States v. Root, 366 F.2d 377 (9th Cir. 1966) (requiring indictment to contain essential elements of the crime as well as informing defendant of what he is charged and being sufficiently particular for the double jeopardy determination).

█ Applying these standards to indictments drawn under section 1503 (or predecessors) the courts should overlook minor and technical defects in the drafting of an indictment so long as it is not violative of minimum constitutional standards and so long as it can be said to fairly apprise a defendant of the charge and allow him to prepare his defense. Hence courts have upheld indictments attacked on the ground of failure to allege a purpose or intention to obstruct the administration of justice, Holland v. United States, 245 F.2d 341 (5th Cir.1957), and Knight v. United States, 310 F.2d 305 (5th Cir.1962); failure to allege that the defendant had knowledge that there was a case pending, Anderson v. United States, 215 F.2d 84 (6th Cir.), cert. denied, 348 U.S. 888, 75 S.Ct. 208, 99 L.Ed. 698 (1954) (indictment charged that defendants "did corruptly endeavor to impede the due administration of justice; that is to say, [defendants] did agree and promise to [a named defendant in a pending case] that they would alter the testimony of [witnesses in the pending case] and did by this means corruptly endeavor to impede the due administration of justice)"; and failure to allege that the endeavor was corrupt, Seawright v. United States, 224 F.2d 482 (6th Cir.), cert. denied, 350 U.S. 838, 76 S.Ct. 76, 100 L.Ed. 748 (1955) (indictment charged that the defendants did "wilfully endeavor to influence, intimidate and impede [name], a witness * * * endeavoring to influence, obstruct, and impede the due administration of justice.").

Also upheld against attack were indictments charging unlawfully and corruptly endeavoring to influence and impede petit jurors, and thereby the administration of justice, in violation of 18 U.S.C. section 1503, Beale v. United States, 327 F.2d 227 (5th Cir.1964) (per curiam); and charging corruptly endeavoring to influence a witness, Kong v. United States, 216 F.2d 665 (9th Cir. 1954) (court held cited language was sufficient although indictment also charged "knowingly, wilfully, unlawfully, feloniously and corruptly endeavor to influence, intimidate and impede.").

Indeed it would seem that the approach to attacks on an indictment is typified by the court's comment in Par-

sons v. United States, 189 F.2d 252, 253 (5th Cir.1951):

> The attack upon the indictment for failing to specifically allege that defendant knew that the person he was charged with endeavoring to corruptly influence was, or was to be, a witness, is completely hypercritical and without substance. The indictment, in the exact language of the statute, plainly and by necessary implication, precisely charges the defendant with the crime denounced thereby.

■ Turning now to the indictment in the instant case, attacked for failure to charge that the defendants had knowledge that John Hodges was to be a witness in a pending case and that they knew him to be giving information on violations of federal law where no indictment had yet resulted, it in the first count does not charge that defendants acted wilfully or intentionally but merely "corruptly endeavored." (Defendants' counsel, in oral argument, limited their objection to count 1 only on the specified ground.)

The language of the indictment charges the defendants "corruptly by force and by threats did endeavor to influence, intimidate and impede * * *." The word "corruptly" has been held to mean with "an improper motive." Martin v. United States, 166 F.2d 76 (4th Cir.1948). The word "endeavor" is defined by *Black*: "To exert physical and intellectual strength toward the attainment of an object; a systematic or continuous effort." Black's Law Dictionary 621 (4th Ed.1957). In view of the above definitions, it can be fairly said that the use of the words "corruptly endeavored" does charge the defendants with committing an intentional and knowing act, and such use in the indictment renders it sufficient.

Furthermore, in view of the foregoing discussion of case law, and also in view of the requirement set forth in Rule 7(c) of the F.R.Crim.P. as to the required specificity of an indictment, it would seem that the instant indictment would more than suffice to meet the constitutional standards set out in *Silverman* in that it adequately apprised the defendants of that which they are charged with having done, of the specific section of the United States Code which they allegedly violated, and of specific acts or occurrences which the Government charged constituted the offense. It also provides a sufficient basis upon which a defense of double jeopardy can be made.

■ If the indictment fails to give the defendants information which they deem essential to the preparation of their defense, their remedy is a motion for a bill of particulars, not dismissal of the indictment. *See* United States v. Bonanno, 177 F.Supp. 106 (S.D.N.Y. 1959), rev'd on other grounds, United States v. Bufalino, 285 F.2d 408, (2d Cir.1960).

## II.

■ The defendants' third objection is that the first and second counts of the indictment are duplicitous. The Federal Rules of Criminal Procedure, Rule 8(a), requires that each separate and distinct offense be pleaded in a separate count. Failure to so plead will render an indictment subject to attack on grounds of duplicity. "Duplicity" may therefore be defined as "the charging of two or more separate and distinct offenses in one count, not the charging of a single offense into which several related acts enter as ways and means of accomplishing the purpose." Travis v. United States, 247 F.2d 130, 134 (10th Cir.), rev'd on other grounds, 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340 (1957). *See also* Frankfort Distilleries, Inc. v. United States, 144 F.2d 824 (10th Cir.1944), rev'd on other grounds, 324 U.S. 293, 65 S.Ct. 661, 89 L.Ed. 564 (1945); United States v. Greater Kansas City Retail Coal Merchants' Ass'n, 85 F.Supp. 503 (W.D.Mo.1949); United States v. Chan-

dler, 72 F.Supp. 230 (D.Mass.1947); and United States v. B. Goedde & Co., 40 F.Supp. 523 (E.D.Ill.1941). Therefore an indictment which in a single count joins two or more distinct and separate offenses will violate the rule against duplicity, and is subject to a successful motion for dismissal.

The crux of the problem hence is what allegations in an indictment will render it duplicitous. In Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L. Ed. 1097 (1896), the United States Supreme Court had the opportunity to expound upon permissible drafting of an indictment at a time when the strict and technical rules of pleading under *Pettibone* were in effect. The *Crain* court examined the statute and noted that

> [t]he statute was directed against certain defined modes for accomplishing a general object, and declared that the doing of either one of several specified things, each having reference to that object, should be punished * * *. We perceive no sound reason why the doing of the prohibited thing in each and all of the prohibited modes may not be charged in one count, so that there may be a verdict of guilty upon proof that the accused had done any one of the things constituting a substantive crime under the statute.

162 U.S. at 636, 16 S.Ct. at 955. The Court thus made clear that an indictment will not be duplicitous merely because drafted in conjunctive allegations closely paralleling the statutory framework.

Subsequent cases have expressed a similar view. For example, in Kitchens v. United States, 272 F.2d 757, 761 (10th Cir. 1959), cert. denied, 362 U.S. 942, 80 S.Ct. 809, 4 L.Ed.2d 772 (1960), the Court observed:

> The language of the indictment is that of the statute * * * and we have held in numerous cases that if a statute embraces several separate and distinct acts as a crime, an information

or indictment in the language of the statute alleging more than one of the statutory offenses is not duplicitous if pleaded in the conjunctive.

Other cases have reached similar results on similar grounds. *See, e. g.,* Fields v. United States, 408 F.2d 885, 887 (5th Cir. 1969) ("Where a statute specifies several alternative ways in the conjunctive, and a conviction thereon will stand if proof of one or more of the means of commission is sufficient."); Cunningham v. United States, 356 F.2d 454, 455–456 (5th Cir. 1966) (wherein indictment, alleging in the language of the statute impeding and interfering, held not duplicitous); United States v. Bell, 351 F.2d 868 (6th Cir. 1965) (wherein court upheld indictment following the language of the statute); United States v. Laverick, 348 F.2d 708, 714 (3d Cir.), cert. denied, 382 U.S. 940, 86 S.Ct. 391, 15 L.Ed.2d 350 (1965) (wherein indictment, following the alternative means of committing the offense set out disjunctively in the statute, was upheld even though it charged those means conjunctively); Bennett v. United States, 285 F.2d 567 (5th Cir. 1960) (indictment following the language of the statute under which it was brought was held to give sufficient notice to the defendant of the crime charged); and Price v. United States, 150 F.2d 283, 285 (5th Cir. 1945) ("When several acts specified in a statute are committed by the same person, they may be coupled in one count as together constituting one offense although a disjunctive word is used in the statute, and proof of any one of the acts joined in the conjunctive is sufficient to support a verdict of guilty."); and United States v. Isabella, 210 F.Supp. 281 (D.Mass.1962) (wherein indictment closely following the statutory language except alleging conjunctively the elements set forth in the statute disjunctively, upheld as not being duplicitous). *See also* McGriff v. United States, 408 F.2d 333 (9th Cir.1969) ("[I]t is proper to charge conjunctively the elements

of a crime which is denounced disjunctively in the statute * * *").

It has been suggested that an inquiry be made as to "whether identical evidence will support each of [the alleged offenses], and if any dissimilar facts must be proved, there is more than one offense." Bins v. United States, 331 F.2d 390 (5th Cir.), cert. denied, 379 U.S. 880, 85 S.Ct. 149, 13 L.Ed.2d 87 (1964), citing Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L. Ed. 306 (1932). It is submitted, however, that such inquiry is necessary only where the indictment is not framed in the statutory language.

The first count of the indictment, which the defendants challenge as duplicitous, reads as follows:

> On or about the 20th day of September, 1970, within the Eastern District of New York, the defendant RICHARD ZOLLI, the defendant ROCCO SURACE, and the defendant ANGELO WINCHELL corruptly by force and by threats did endeavor to influence, intimidate and impede one John Hodges, a witness in a case pending before the United States District Court for the Eastern District of New York, and did corruptly by force and by threats did endeavor to influence, obstruct and impede the due administration of justice. (Title 18 United States Code, § 1503; Title 18 United States Code, § 2.)

The alleged duplicity is that defendants are charged with endeavoring to (1) "influence, intimidate and impede one JOHN HODGES, a witness in a case pending * * *"; and (2) "influence, obstruct, and impede the due administration of justice." (Memorandum of Law for Defendant Zolli at 3; United States v. Zolli, 70–CR–663 (E.D.N.Y., Nov. 10, 1970).) Such language, it is argued, charges two separate crimes.

The language of the statute, which the defendants are charged with violating in the first count, reads in pertinent part:

> Whoever corruptly, or by threats or force * * * endeavors to influence, intimidate, or impede any witness, in any court of the United States * * * or injures any party or witness in his person or property on account of his * * * testifying or having testified to any matter pending therein * * * or corruptly or by threats or force * * * influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice * * *.

18 U.S.C. § 1503 (1966).

It can readily be observed that the indictment is framed in the same language as that of the statute. Under the case law as discussed above, this alone would be sufficient to sustain the indictment from the attack made by the defendants.

However, the defendants allege that the language "influence, obstruct, or impede the due administration of justice" creates a crime which is separate and distinct from endeavoring to "influence, intimidate, or impede any witness, in any court of the United States." That such contention is erroneous becomes clear with even the most casual perusal of the construction doctrines. Under the doctrine of *noscitur a sociis*, the clauses in question must be construed in the context of the other clauses in the statute which define the proscribed conduct. Under the principle of *ejusdem generis*, such clause can be construed only to include conduct similar to that specifically proscribed in the preceding clauses. Indeed, in Haili v. United States, 260 F.2d 744, 746 (9th Cir.1958), the clause in question was held "to embrace only acts similar in nature to those acts enumerated by the preceding specific words." Such clause was included to cover those means of interference as to which the draftsmen of

the statute were not sufficiently prescient to enumerate. United States v. Bonanno, 177 F.Supp. 106 (S.D.N.Y. 1959), rev'd on other grounds, United States v. Bufalino, 285 F.2d 408 (2d Cir. 1960). Consequently the attack upon the indictment cannot be sustained on the ground alleged.

Furthermore, applying the *Bins* test will also lead to the conclusion that there is but one offense charged in count 1. Therefore, for the reasons stated above, the motion to dismiss count 1 as being duplicitous must be and hereby is, denied.

■ The defendants mount a similar attack upon count 2. Count 2 reads:

On or about the 20th day of September 1970, within the Eastern District of New York, the defendant RICHARD ZOLLI, the defendant ROCCO SURACE, and the defendant ANGELO WINCHELL wilfully did endeavor by means of intimidation, force and threats thereof, to obstruct, delay and prevent the communication of information relating to a violation of a criminal statute of the United States by one John Hodges to a criminal investigator of the United States, and did injure the aforementioned John Hodges in his person on account of the giving by John Hodges of such information. (Title 18 United States Code, § 1510(a); Title 18 United States Code, § 2.)

The defendants alleged that such count is duplicitous because it charged the defendants with: "(1) wilfully endeavoring to obstruct the future communication of information and (2) with injuring John Hodges because he had already given information." (Memorandum of Law for Defendant Zolli at 4, United States v. Zolli, 70–CR–663 (E.D. N.Y., Nov. 10, 1970).)

The language of the statute, the violation of which the defendants are charged in the first count, reads in pertinent part:

(a) Whoever wilfully endeavors by means of * * * intimidation or force, or threats thereof to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator; or

Whoever injures any person in his person or property on account of the giving by such person * * * of any such information to any criminal investigator * * *.

18 U.S.C. § 1510(a) (Supp.1970).

The second count, just as the first, is framed in the language of the statute. Similarly, such framing would, under the case law, be sufficient to sustain the indictment. For the reasons expressed in the discussion relating to the first count, the attack upon the indictment cannot be sustained, and, therefore, the motion to dismiss the indictment must be and hereby is defined.

### III.

The defendants attack the first and second counts as being multiplicitous. Multiplicity is defined as charging a single offense in multiple counts, 8 J. Moore, Federal Practice ¶ 8.03(2), at p. 8–7 (2d ed. 1970). The indictment charges intimidating a witness in a pending case in count 1, a violation of 18 U.S.C. § 1503 (1966), and intimidating an informant giving information in a pending investigation, in violation of 18 U.S.C. § 1510(a) (Supp.1970).

The test for determining whether offenses charged in one or more counts are identical was set forth in Bozel v. United States, 139 F.2d 153 (6th Cir. 1943). The inquiry to be made is "whether the facts alleged in one, if offered in support of the other would sustain a conviction." 139 F.2d at 155. Hence, if one count requires proof of facts which another count does not require, the offenses therein alleged are not identical. Blockburger v. United States, 284 U.S. 299, 304 (1932).

The indictment in the instant case requires proof of differing facts to support a conviction on each count in question. Count 1, for example, requires proof, among other things, that John Hodges was to be a witness in a pending case, whereas count 2 would instead require a showing that John Hodges was giving information in a pending investigation. Certainly then under the *Bozel* test, there are two separate and distinct offenses alleged in this indictment. The mere fact that a single act or transaction is involved cannot preclude the possibility that such conduct may be violative of two criminal statutes. Blockburger v. United States, *supra*.

For the reasons stated, the motions are in all respects denied, and it is

So ordered.