UNITED STATES of America

v.

Thomas M. HAAS.

Crim. No. 77–36.

United States District Court,
S. D. Alabama, S. D.

Sept. 7, 1977.

Daniel L. Bell, II, Sp. Atty., U. S. Dept. of Justice, Washington, D. C., Charles S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for the United States.

Barry Hess, Chris N. Galanos, John Coleman, Ian Gaston, Mobile, Ala., for defendant.

OPINION

DAN M. RUSSELL, Jr., District Judge.

On August 1, 1977, this Court, sitting in the Southern District of Alabama, Southern Division, by designation, heard motions in the case of *United States v. Thomas M. Haas*, Criminal Action No. 77–36. The defendant, Thomas Haas is charged with obstruction of justice under 18 U.S.C. § 1503. The motions, all made by the defendant, included a motion to dismiss the indictment for failure to adequately state an offense, a motion to dismiss the indictment for vagueness and overbreadth of Title 18 U.S.C. § 1503, as applied to the instant indictment,

a motion for a bill of particulars, and a motion for a psychiatric examination of Sandra D. Haas. The Court reserved ruling on all motions and ordered the Mobile Mental Health Center to submit records to the Court for an *in camera* inspection.

The defendant's motion to dismiss for failure to adequately state an offense makes sixteen averments which the Court chooses to categorize as alleging (1) vagueness of the indictment, (2) failure to allege knowledge, and (3) failure to allege intent. It is the defendant's contention that the indictment lacks adequate factual data to enable the defendant to prepare a defense or to enable the Court to decide whether a conviction is proper as a matter of law. The defendant also contends that the indictment is insufficient for its failure to charge that the defendant had knowledge and intent at the time he allegedly committed certain acts which were in violation of 18 U.S.C. § 1503.

Looking first to Rule 7(c) of the Federal Rules of Criminal Procedure, the Court notes the statutory requirements of an indictment are that it be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." The Supreme Court, confronted with the question of sufficiency of an indictment, has enunciated the following criteria for evaluating the sufficiency of an indictment:

> ". . . first whether the indictment 'contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet,' and secondly, 'in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'" *Russell v. United States*, 369 U.S. 749, 763–764, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962). (Citations omitted.)

The Tenth Circuit has adopted this standard and quoted it with further elaboration in *United States v. Radetsky*, 535 F.2d 556, 562 (10th Cir. 1976):

> ". . . And a purpose corollary to the first [requirement as quoted above] is that the indictment inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had. Furthermore, and of paramount importance, a sufficient indictment is required to implement the Fifth Amendment guaranty and make clear the charges so as to limit a defendant's jeopardy to offenses charged by a group of his fellow citizens, and to avoid his conviction on facts not found, or perhaps not even presented to the grand jury that indicted him." (Citations omitted).

The indictment in this case charges a violation of 18 U.S.C. § 1503 which provides in relevant parts that:

> "Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate or impede . . . any grand or petit juror . . ., or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror . . ., or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

The grand jury's indictment in this case was filed on April 12, 1977. It charged as follows:

> "On or about the 5th day of March, 1977, in Mobile County, within the Southern Division of the Southern District of Alabama, Thomas M. Haas corruptly did endeavor to influence and impede Sandra D. Haas, who was then a member of a Federal Grand Jury for the Southern District of Alabama, considering the circumstances surrounding the death of Louis Wallace, by communicating information over the telephone about the matter being considered by the Grand Jury in an effort

to influence and impede Sandra D. Haas in the discharge of her duty as a Grand Juror; in violation of Title 18, United States Code, Section 1503."

It is readily apparent that the Haas indictment tracks the language of Section 1503. In an indictment on a statute, it is generally sufficient that the indictment set forth the offense in the words of the statute as long as those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. See *United States v. London*, 550 F.2d 206, 210 (5th Cir. 1977); *Russell v. United States, supra,* 369 U.S. at 765, 82 S.Ct. 1038. And further, the Fifth Circuit has held on a question of sufficiency the test is not whether the indictment might have been drawn with greater certainty and exactitude, but rather whether it set forth the elements of the offense, charged and sufficiently apprised the defendant of the charge to prepare for. *United States v. Markham*, 537 F.2d 187, 193 (5th Cir. 1976) cert. denied, 429 U.S. 1041, 97 S.Ct. 739, 50 L.Ed.2d 752 (1977). An indictment that fails to allege each material element of an offense fails to charge that offense. *United States v. London*, 550 F.2d 206, 211 (5th Cir. 1977).

The Fifth Circuit decision in *United States v. Mekjian*, 505 F.2d 1320 (5th Cir. 1975) is an application of this rule. In *Mekjian*, the defendant was convicted upon sixteen counts of a sixty count indictment accusing him of filing fraudulent medicare claims in violation of Title 18, U.S.C. Sec. 1001. The court reversed the conviction for failure of the indictment to allege the essential element of "willfulness". The court considered the necessity for the indictment's alleging all the essential elements to be an assurance that the defendant be called to answer only a grand jury indictment; that the defendant be protected against double jeopardy; and that the defendant be apprised of the charge he must meet in order to effectively challenge the government's proof. In that case the government contended that the allegations

of "fraudulent statement", "as he then knew he had not performed such services", "knowingly", and the facts as set forth in the several counts implied that the acts were done "willfully". In rejecting this contention, the court commented:

"The similar import doctrine advances the policy reflected in F.R.Cr.P. 7(c), against fine-combing indictments for technical errors. But the words of similar import must be clear enough to insure that the indictment meets the purposes it is intended to serve." 505 F.2d at 1324.

The *Mekjian* case, with its unequivocal requirement that an indictment clearly allege the essential elements, offers a point of departure for the consideration of the Haas indictment. The question in the case *sub judice* lacks the succinctness of that in *Mekjian*. There, the statute under which defendant was indicted used the terminology "[w]hoever . . . knowingly and willfully falsifies . . .". The court held that because the statute uses both "willfully" and "knowingly" in defining the offense and because each encompasses a different element of the requisite *mens rea* and relies on different proof, a separate allegation of "willfulness" must appear in the indictment. Section 1503 is couched in terms of "[w]hoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede . . .". The Haas indictment, drafted in statutory language, contains no allegations of "willfulness" or "knowledge". It is the defendant's contention that both are essential elements required in a valid indictment under section 1503 and that this indictment must fail for their absence.

The essential nature of the defendant's knowledge in a charge of obstruction of justice was recognized in *Pettibone v. United States*, 148 U.S. 197, 206, 13 S.Ct. 542, 546, 37 L.Ed. 419 (1893):

"It seems clear that an indictment against a person for corruptly or by threats or force endeavoring to influence, intimidate, or impede a witness or officer in a court of the United States in the

discharge of his duty, must charge knowledge or notice or set out facts that show knowledge or notice on the part of the accused that the witness or officer was such."

As an aside, it should be noted that this Court has no reservation in broadening the rule of *Pettibone* which speaks to an indictment for "corruptly . . . endeavoring to influence . . . a witness or officer in a court of the United States" to include such an endeavor as made to a grand juror. All three categories are included in the current obstruction of justice statute and this Court can see no reason for a distinction.

A recent decision by the Ninth Circuit in *United States v. Ryan*, 455 F.2d 728 (9th Cir. 1972) reinforces the viability of *Pettibone*. In *Ryan*, the defendant's conviction by a jury in the district court for obstruction of justice under 18 U.S.C. § 1503 was reversed and remanded for lack of sufficient evidence of intent. The court, confronted with a situation in which the alleged acts of obstruction were committed prior to a time when the defendant may have had knowledge of a grand jury investigation, held:

> "Specific intent to impede the administration of justice is an essential element of the offense. *Pettibone v. United States*, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 (1893)." 455 F.2d at 734.

The Court finds that judicial policy compels the inclusion of knowledge and intent as essential elements in a charge under section 1503 although statutory language fails to expressly require it. It is the design of the statute to provide a judicial environment free of intentional and knowing efforts to obstruct its operation. Punishment of inadvertent or innocent acts serves no purpose in maintaining this environment; therefore, the requirements of "knowledge" and "intent" should necessarily be included as essential elements in the charging of an offense for obstruction of justice.

With this recognition, the Court is confronted with the question of whether these elements have been sufficiently alleged in the Haas indictment. It is readily apparent that "willfully" and "knowingly" do not appear in the instant indictment. The government contends that the indictment is nonetheless valid and cites four Fifth Circuit cases in support of its argument.

In *Knight v. United States*, 310 F.2d 305 (5th Cir. 1962) the defendant was convicted on one of four counts in an indictment charging violations of 18 U.S.C. § 1503. That count of the *Knight* indictment contained the following language:

> " 'On or about the 22nd day of March, 1961, in the Macon Division of the Middle District of Georgia, within the jurisdiction of this Court, said James Terrell Knight did unlawfully, willfully, knowingly, and corruptly endeavor to influence, obstruct and impede the due administration of justice . . . James Terrell Knight knowing that the said Lawrence L. Knight was a witness in said criminal case then pending against him . . . did . . . unlawfully, willfully, knowingly and corruptly offer and agree to pay to one Betty Frances Pope the sum of $100.00 . . . as an inducement to the said Betty Frances Pope to endeavor to influence . . . the said Lawrence L. Knight . . . ' " 310 F.2d 306.

The court upheld the indictment which was attacked on the ground of failure to allege a purpose or intention to obstruct the administration of justice.

In considering the *Knight* case for guidance in the case *sub judice*, this Court notes that the indictment in that case does not contain a flaw similar to that alleged to exist in the Haas indictment. The Knight indictment charges that the defendant "unlawfully, willfully, knowingly and corruptly endeavored to influence, obstruct, and impede the due administration of justice . . . ." First, it should be noted that the alleged endeavor was charged to be "unlawful", "willful", and "knowing" as well as "corrupt". These allegations, if made in the Haas indictment, would have unquestionably satisfied the requirement that the indictment include the essential elements of

knowledge and intent. Secondly, and a bit more complex, is the recognition that the import of the *Knight* decision goes to a violation under § 1503 that is not alleged in the Haas indictment. The *Knight* indictment was brought under the third clause of section 1503 which speaks to endeavors "to influence, obstruct, or impede the due administration of justice." Haas was indicted under the first clause of section 1503 for an alleged endeavor to influence and impede a member of a grand jury. The distinction in the offense under each of these two clauses results in a corresponding variance in the essential elements required to be charged. In the indictment for obstruction of the administration of justice, the court in *Knight* did not consider an allegation of specific intent to obstruct the administration of justice necessary, but it nevertheless held that:

"... There is no question but that there must exist a specific intent in order to violate § 1503. *Pettibone v. United States* (1893), 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419. This specific intent must be to do some act or acts which tend to impede or influence, obstruct, or impede the due administration of justice."

An examination of the *Knight* indictment reveals the requisite allegation of intent to commit the alleged act which constituted obstruction of the administration of justice. Upon such a consideration, this Court finds that *Knight* case to be a reinforcement of the defendant's position that an indictment under section 1503 must charge the defendant with a willful and knowing act.

In *Holland v. United States*, 245 F.2d 341 (5th Cir. 1957), a second case cited by the government, the court denied the defendant-appellant's claim that failure to allege a purpose on the part of the defendant to obstruct the administration of justice rendered the indictment under section 1503 invalid. The indictment in *Holland* provided as follows:

"That on or about the 31st day of October, 1955, at Jacksonville, in the Southern District of Florida, HORACE WORTH HOLLAND, hereinafter called the defendant, did corruptly endeavor to influence one Arlie C. Holland, who, as the defendant then and there well knew, was then a member of a petit jury panel that had been summoned for jury duty in the United States District Court for the Southern District of Florida, Jacksonville Division, to try, among other cases, the case of the United States of America versus Edward W. Crockett, Jr., and others, Number 9215—Criminal—J, in the discharge of his, the said Arlie C. Holland's, duty as such juror, that is to say: at said time and place the defendant communicated by telephone with said Arlie C. Holland a statement to the effect that he, the defendant, understood that said Arlie C. Holland was a member of the panel from which would be drawn a jury to try one Edward W. Crockett, Jr., and that any consideration for the said Edward W. Crockett, Jr., coming from such jury would be appreciated; in violation of Title 18, United States Code, Section 1503."

Since the indictment charged an offense of endeavoring to influence a witness under the first clause of section 1503, the allegation of a "purpose to obstruct the due administration of justice" from the third clause of section 1503 is clearly unnecessary. With this distinction made, the *Holland* case cannot be taken to disavow the requirement of showing intent under the first clause of section 1503. Much to the contrary, the indictment alleges specific facts to the effect that the defendant knew the person he is alleged to have endeavored to influence was a member of a petit jury panel at the time of such endeavor and further, that he made a statement to that effect at the time he endeavored to so influence. Here again, the Court is confronted with a case that does not embrace the issue of the instant case; yet, it lends support to the defendant's contention by the presence of the essential elements, knowledge and intent, in the indictment.

The government has cited *Beale v. United States*, 327 F.2d 227 (5th Cir. 1964) for the proposition that an indictment under section 1503 charging the defendant simply with unlawfully and corruptly endeavoring

to impede petit jurors was held legally sufficient. An examination of a certified copy of the indictment from the *Beale* case, offered by the defendant as an exhibit to the hearing on the motion, reveals that each of the fourteen counts alleging violations of section 1503 charged the defendant with an act wherein he did "unlawfully, knowingly, and corruptly endeavor to impede the administration of justice". Although the indictment is absent any reference to "intent", it clearly contains allegations that the defendant acted with knowledge.

The opinion in *Parsons v. United States*, 189 F.2d 252 (5th Cir. 1951) provides in part as follows:

> "The attack upon the indictment for failing to allege that the defendant knew that the person he was charged with endeavoring to corruptly influence was, or was to be, a witness is completely hypercritical and without substance. The indictment, in the exact language of the statute plainly and by necessary implication, precisely charges the defendant with the crime denounced thereby." 189 F.2d at 253.

The indictment in that case charged that the defendant did "wilfully, knowingly, unlawfully, and corruptly endeavor to influence Dennis Herschel Greene, a witness," by both threats and an offer of money. Although the indictment did not specifically allege facts that set out the defendant knew Greene was a witness, it charged that the defendant acted "knowingly" thus serving the same end.

█ Reviewing the government's authority, the Court finds that with the exception of an allegation of intent in the *Beale* indictment, each case, regardless of its holding is based on an indictment that alleges the defendant "willfully" and "knowingly" committed an act prohibited under section 1503. This realization further strengthens the Court's earlier conclusion that "knowledge" and "intent" are essential elements of a valid indictment under section 1503. As noted earlier, the present indictment contains no such allegations and in the absence of authority to establish the validity

of such an indictment under section 1503, the government is relegated to the argument that the similar import of "corruptly" would include the requisite "willfulness" and "knowledge". The test is whether the words of similar import are clear enough to insure the indictment meets the purpose it is intended to serve. *United States v. Mekjian, supra* at 1324.

In at least one case—*United States v. Zolli*, 51 F.R.D. 522 (E.D.N.Y.1970)—the court has held that the use of the words "corruptly endeavored" charged the defendant with committing an intentional and knowing act and that such use in the indictment renders it sufficient. In reaching its conclusion, the court made the following statement:

> ". . . The word 'corruptly' has been held to mean with 'improper motive'. *Martin v. United States*, 166 F.2d 76 (4th Cir. 1948). The word 'endeavor' is defined by Black: 'To exert physical and intellectual strength toward the attainment of an object; a systematic or continuous effort'. Black's Law Dictionary 621 (4th Ed. 1957)," 51 F.R.D. at 526.

From these definitions the court concluded the indictment was valid absent specific allegations of "knowledge" or "intent". This Court, however, is not eager to indulge in so simple a word game in view of the grave consequences that accrue to the defendant charged under an insufficient indictment.

It has been held that where a statute is silent on *mens rea* and criminal intent is an element of the crime, the indictment failing to allege such intent may be defective unless words actually appearing therein have historical meaning, either in statutory history or in common law, which might signal an allegation of *mens rea*. *United States v. Morrison*, 536 F.2d 286 (9th Cir. 1976). In the *Morrison* case, the defendant was charged in statutory language with misappropriating less than $100 in postal funds in violation of 18 U.S.C. § 1711. The crime required a showing of specific intent although the statute is silent on *mens rea*. After exploring the common law meaning

of the phraseology used in the indictment, the Ninth Circuit Court of Appeals vacated the lower court's denial of the defendant's motion for acquittal with a finding that an allegation in the indictment that the defendant "did convert . . . without authority by law" did not allege the requisite intent. The decision here is based on more than a pronouncement of the court and it commands a greater assurance of affording to the defendant the safeguards intended by the grand jury system.

■ In the instant case, the Court has attempted to find definitive language on the allegation of "corruptly" as to its common law relationship with the essential elements of section 1503. The courts have used various definitions of "corruptly". It has been held to mean an "evil or wicked purpose", *United States v. Ryan, supra* at 734; an "improper motive", *Martin v. United States*, 166 F.2d 76 (4th Cir. 1948); and by implication, an "improper purpose", *Holland v. United States, supra.* Even so, the search has produced no convincing authority to the effect that the allegation "corruptly endeavored" encompasses the requirement of a specific intent to commit the act and a knowledge of the circumstances that make the act a violation of the statute.

This Court does not seek to constrain the import of statutory language under section 1503 by holding "corruptly endeavor" an insufficient allegation of the essential elements of knowledge and intent; yet, under the facts in this case; in the absence of more definitive authority; and upon a realization that the Court's instruction to the jury on finding the missing element will not cure an omission of an essential element from the indictment, *United States v. Mekjian, supra* at 1325, the Court is compelled to grant the defendant's motion to dismiss.

Having granted the defendant's motion to dismiss, the Court declines ruling on the other motions under advisement, now moot.

An order in accordance with this opinion may be submitted to the Court within five days.