### GENNA v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.    October 10, 1923.)

No. 3254.

1. **Obstructing justice ⬳11—Scienter essential in indictment for intimidating witness.**

    In an indictment under Criminal Code, § 135 (Comp. St. § 10305), for attempting to intimidate a witness by threats, an allegation that defendant had knowledge that the person threatened was, or was to be, a witness is essential.

2. **Criminal law ⬳984—Sentence imputed to good count in indictment.**

    Where a defendant was convicted under two counts of an indictment, one of which was good and the other not, and the sentence was within the limit authorized under the good count, it will be attributed to that count.

3. **Criminal law ⬳1159(3)—Sufficiency of conflicting evidence cannot be considered by appellate court.**

    An appellate court cannot consider the weight and sufficiency of conflicting evidence.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Criminal prosecution by the United States against Angelo Genna. Judgment of conviction, and defendant brings error. Affirmed.

Benjamin P. Epstein, of Chicago, Ill., for plaintiff in error.

Edwin A. Olson and Edwin L. Weisl, both of Chicago, Ill., for the United States.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PER CURIAM. Genna and another were convicted on trial of an indictment in two counts. The first count charged that the defendants had intimidated a witness in violation of section 135 of the Criminal Code (Comp. St. § 10305). The second charged them with having conspired to intimidate a witness in violation of section 136 of the Criminal Code (Comp. St. § 10306).

[1] Nowhere in the first count is it averred, even inferentially, that the defendants, when making the threats, had any knowledge that the person so threatened was or was about to be a witness in any trial or other proceeding. Omission of the scienter was fatal to the conviction on this count.

[2] Respecting the second count the insistence is that it is bad, because it fails to set forth the manner in which it was proposed to intimidate the witness. Assuming that this objection might be the ground of demurrer, rather than merely motion for particulars, we find that

this count, although somewhat inartistically drawn, contains such details of the alleged conspiracy as would enable the defendants fully to prepare for trial. The sentence imposed upon the defendants was within the limits authorized by section 136 of the Criminal Code, but exceeded the amount of punishment that could legally be imposed under section 135. The sentence therefore must be legally attributed to the conviction on the second count.

[3] On the assignment that the verdict is not supported by sufficient evidence, we have examined the bill of exceptions and find that the complaining witness, duly sworn, testified to all the facts that were necessary to establish the crime charged in the second count. In view of Applebaum v. United States (C. C. A.) 274 Fed. 43, it is somewhat astonishing that counsel for Genna, under the black type heading "The Falsity of Miss Court's Story," should expect us to go into the controversy between him and the district attorney respecting the weight and credibility of conflicting testimony.

The judgment is affirmed.