**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Thomas M. HAAS, Defendant-Appellee.**

No. 77–3273.

United States Court of Appeals, Fifth Circuit.

Nov. 6, 1978.

Rehearing and Rehearing En Banc Denied Dec. 26, 1978.

---

# 218

Drew S. Days, III, Asst. Atty. Gen., Daniel L. Bell, II, Atty., Civ. Rights Div., U. S. Dept. of Justice, Washington, D. C., W. A. Kimbrough, Jr., U. S. Atty., Mobile, Ala., Miriam R. Eisenstein, Frank D. Allen, Jr., Appellate Section, Civ. Rights Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Barry Hess, Chris N. Galanos, Mobile, Ala., for defendant-appellee.

Before RONEY, RUBIN and VANCE, Circuit Judges.

RONEY, Circuit Judge:

■ Thomas Haas was indicted for obstruction of justice in violation of 18 U.S. C.A. § 1503. The indictment charged that he corruptly endeavored to influence and impede a grand juror by communicating information about a matter before the Grand Jury. The district court dismissed the indictment for failure to allege essential elements of knowledge and intent. Defendant argues that the indictment also did not contain sufficient specific factual data. We hold that the indictment, modeled on the language of the statute, need not contain technical terms of knowledge and intent if it recites facts and uses language which, taken as a whole, indicate knowledge and intent and that the indictment contains sufficient factual data to withstand a motion to dismiss. We reverse.

## I. Background

On April 12, 1977, the following indictment charged Thomas Haas with seeking to influence a grand juror in violation of 18 U.S.C.A. § 1503 [1]:

---

1. 18 U.S.C.A. § 1503 reads:

§ 1503. Influencing or injuring officer, juror or witness generally

Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States magistrate or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States magistrate or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or hav-

On or about the 5th day of March, 1977, in Mobile County, within the Southern Division of the Southern District of Alabama, Thomas M. Haas corruptly did endeavor to influence and impede Sandra D. Haas, who was then a member of a Federal Grand Jury for the Southern District of Alabama, considering the circumstances surrounding the death of Louis Wallace, by communicating information over the telephone about the matter being considered by the Grand Jury in an effort to influence and impede Sandra D. Haas in the discharge of her duty as a Grand Juror; in violation of Title 18, United States Code, Section 1503.

Defendant moved to dismiss the indictment and for a bill of particulars, asserting a failure to allege knowledge and intent and to specify sufficiently the information communicated by defendant to the grand juror. The district court granted the motion on the former ground.

## II. *The Haas Indictment*

The validity of the indictment, of course, can only be determined by an examination of its specific language, taking account of it as a whole in the context of its statutory background. *See United States v. Markham,* 537 F.2d 187, 192 (5th Cir. 1976) (validity of indictment determined by reading it as a whole and "by practical, not technical considerations. . . ."), *cert. denied,* 429 U.S. 1041, 97 S.Ct. 739, 50 L.Ed.2d 752 (1977). The test is not whether the indictment could have been framed in a more satisfactory manner but whether it conforms to minimal constitutional standards. U.S.Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation . . ."). *See United States v. London,* 550 F.2d 206, 211 (5th Cir. 1977) ("The test is not whether

the indictment might have been drawn with greater certainty and exactitude, but rather whether it set forth the elements of the offense charged and sufficiently apprised defendants of the charges.").

These standards require that the defendant (1) should be called to answer charges actually brought by the Grand Jury and not a prosecutor's interpretation of those charges; (2) be apprised of the charge against him in order to permit preparation of a defense; (3) be protected against double jeopardy. *Bartell v. United States,* 227 U.S. 427, 33 S.Ct. 383, 57 L.Ed. 583 (1913); *Hagner v. United States,* 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 84 (1932); *United States v. Mekjian,* 505 F.2d 1320, 1324 (5th Cir. 1975). *See also United States v. Cruikshank,* 92 U.S. (2 Otto) 542, 558, 23 L.Ed. 588 (1876), which mentions an additional element, "to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction . . . ." and *Russell v. United States,* 369 U.S. 749, 768–769, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), which treats this function as "an important corollary purpose. . . ." An indictment must be "a plain, concise and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c).

Two serious questions have been raised concerning the validity of the Haas indictment. The first question relates to the averment of intent and knowledge. The second concerns the adequacy of the allegations of fact.

### A. *Intent and Knowledge*

The first issue on appeal is whether an indictment under 18 U.S.C.A. § 1503 alleging, in the language of the statute, that defendant corruptly endeavored to in-

---

ing testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, magistrate, or other committing magistrate in his person or property on account of the performance of

his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

220

fluence a grand juror is sufficient without express use of the terms "knowledge" and "intent." Both parties agree that whether knowledge and intent are necessary to sustain a conviction is not at issue. It is settled that these two elements are necessary ingredients of an offense under this statute. *Pettibone v. United States,* 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 (1893); *United States v. Ryan,* 455 F.2d 728, 734 (9th Cir. 1972); *Knight v. United States,* 310 F.2d 305, 307 (5th Cir. 1962). Rather, the issue here presented focuses upon the question of whether knowledge and intent must be expressly specified in formal technical terms. *See also United States v. Purvis,* 580 F.2d 853 (5th Cir. 1978).

The indictment alleges that the defendant "corruptly did endeavor" to influence a member of a Grand Jury. The term "corruptly" means for an improper motive, *Martin v. United States,* 166 F.2d 76, 79 (4th Cir. 1948) (upholding a jury charge limited to the terms "corruptly endeavored" and holding that the charge "adequately covered" the elements of intent and knowledge), or "an evil or wicked purpose," *United States v. Ryan,* 455 F.2d 728, 734 (9th Cir. 1972) (reversing a conviction for lack of evidence of intent). Its use together with "endeavor," *see United States v. Russell,* 255 U.S. 138, 143, 41 S.Ct. 260, 65 L.Ed. 553 (1921) ("endeavor" "describes any effort or essay to accomplish the evil purpose that the section was enacted to prevent"), charges an intentional act. It is interchangeable with the term "willful." *Seawright v. United States,* 224 F.2d 482 (6th Cir.) (use of "willfully" in the indictment renders the term "corruptly" unnecessary), *cert. denied,* 350 U.S. 838, 76 S.Ct. 76, 100 L.Ed. 738 (1955).

Read as a whole, the indictment charges defendant with "communicating information over the telephone" concerning the circumstances surrounding the death of Louis Wallace, a matter being considered by the Grand Jury "in an effort to influence and impede" a grand juror. The phrase "corruptly did endeavor" must be read in conjunction with the latter aver-

ment which charges a deliberate and knowing act improperly to influence a grand juror. The plain and sensible meaning of the language used fairly charges an exertion toward an unlawful purpose.

The recital that the defendant sought "to influence and impede" the juror "by communicating information over the telephone about the matter being considered by the Grand Jury" is a sufficient allegation of knowledge. The objection that "the matter" is fatally ambiguous ignores its obvious reference to the immediately preceding clause which states that the juror "was then a member of a Federal Grand Jury for the Southern District of Alabama, considering the circumstances surrounding the death of Louis Wallace." Clearly, "the matter" referred to in the indictment is the investigation of "the circumstances surrounding the death of Louis Wallace."

This situation is different from a case where the subject of alleged influence is a witness. In such a case, knowledge of the relation between the witness and judicial proceeding becomes significant and the indictment must, correspondingly, be more specific. Knowledge of the person's status as a witness is a critical element which must expressly be alleged. Where a member of a Grand Jury is the subject of influence, however, an indictment charging that the defendant corruptly endeavored to influence a grand juror by communicating information about a matter being considered by the Grand Jury sufficiently charges knowledge.

In sum, the Haas indictment is not invalid for failure to allege the requisite intent and knowledge. *See United States v. Zolli,* 51 F.R.D 522, 526 (E.D.N.Y.1970) ("[I]t can be fairly said that the use of the words 'corruptly endeavored' does charge the defendants with committing an intentional and knowing act, and such use in the indictment renders it sufficient."). If the allegations in the indictment are true, defendant clearly sought to interfere with an investigation of the Grand Jury concerning the

death of Louis Wallace. Although the terms "intent" or "knowledge" or their derivatives are not used, the language of the indictment demonstrates adequately intent and knowledge.

The authorities cited by defendant do not require a contrary decision. *Pettibone v. United States,* 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 (1893), concerned a charge of conspiracy to violate an injunction. The Court held the indictment fatally defective because it "failed to allege that the purpose of the conspiracy was to violate the injunction." Absent the injunction, the acts alleged would have been legal. An allegation of knowledge of the injunction was essential. In *Genna v. United States,* 293 F. 387 (7th Cir. 1923), the indictment was struck down for failure to charge even by inference that the defendant knew that the party with whom he communicated was a witness. Here, the indictment does allege knowledge of the Grand Jury connection.

B. *Adequacy of Factual Averments*

■ The skeletal nature of the factual averments in the indictment, however, pose a more serious threat to its validity. The indictment does contain the basic facts necessary to apprise the defendant of the charge and to prevent double jeopardy. It states the name of the grand juror and the Grand Jury, specifies the matter before the Grand Jury, relates the information communicated to that subject matter, and sets forth the means of communication. In the unlikely event of a subsequent indictment, defendant could surely rely upon the entire record and even parol evidence to avoid double jeopardy. *See Bartell v. United States,* 227 U.S. 427, 433, 33 S.Ct. 383, 57 L.Ed. 583 (1913); *Russell v. United States,* 369 U.S. 749, 764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962).

■ Defendant contends, however, that the indictment fails to state what was communicated. While the bare allegation in the indictment of the communication of "information" is sufficient to withstand a motion to dismiss, it does not appear to meet fully the Government's obligation to permit defendant to prepare a defense. In such a situation, a bill of particulars is an appropriate method of seeking such information. The function of a bill of particulars is to "cure omissions of details that might enable the defendant to prepare his defense. . . . " *Norris v. United States,* 152 F.2d 808, 811 (5th Cir.), *cert. denied,* 328 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 88 (1946).

■ We note that in this case the defendant has made a timely motion for a bill of particulars. The district court could more appropriately have remedied its legitimate misgivings about the adequacy of information contained in the indictment by granting this motion instead of dismissing the case. While the grant of such a motion lies within the sound discretion of the trial court, *Overton v. United States,* 403 F.2d 444, 446 (5th Cir. 1968), the need for further information in this case may be essential and the failure to grant the defendant's motion in such an instance may well be reversible error. *United States v. Crippen,* 579 F.2d 340 (5th Cir. 1978).

Defendants attach considerable significance to the language of indictments upheld in three cases relied upon by the United States, *Knight v. United States,* 310 F.2d 305 (5th Cir. 1962); *Holland v. United States,* 245 F.2d 341 (5th Cir. 1957); *Parsons v. United States,* 189 F.2d 252 (5th Cir. 1951). While the indictments in these cases were more amply worded than the present indictment, the decisions are not authority on the issue presently before the Court in view of the fact that the indictments were upheld. These decisions nowhere purport to establish a minimal standard for an 18 U.S.C.A. § 1503 indictment.

The district court erred in its dismissal of the indictment.

REVERSED AND REMANDED.