**UNITED STATES of America, Plaintiff,**

v.

**Juan Evelio POU a/k/a Juan Evelio Mencia, Defendant.**

**No. 79–311–Cr–CA.**

United States District Court,
S. D. Florida,
Miami Division.

Dec. 5, 1979.

J. V. Eskenazi, U. S. Atty., Linda Carroll, Asst. U. S. Atty., Miami, Fla., for plaintiff.

Young, Stern & Tannenbaum, P. A., North Miami Beach, Fla., for defendant.

## ORDER ON MOTION TO DISMISS

ATKINS, Chief Judge.

THIS CAUSE is before the Court on defendant JUAN EVELIO POU's petition for review of magistrate's order. Pou asserts that the magistrate erred in failing to dismiss the information because it failed to allege an essential element of the crime.

The information alleges that:

On or about June 25, 1979, at Miami International Airport, Dade County, in the Southern District of Florida, the defendant, JUAN EVELIO POU a/k/a JUAN EVELIO MENCIA, did while attempting to board an aircraft intended for operation in air transportation, have on or about his person and his property a concealed deadly and dangerous weapon, to wit: a .45 caliber automatic pistol which would be accessible to him in flight; in violation of Title 49, United States Code, Section 1472(*l*)(1).

Defendant argues that because knowledge is an element of the crime and the information fails to allege knowledge, the indictment must be dismissed, citing *United States v. Lee*, 539 F.2d 606 (6th Cir. 1976), and *Honea v. United States*, 344 F.2d 798 (5th Cir. 1965).

The Supreme Court has stated that:

". . . an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hagner v. United States*, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *United States v. Debrow*, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92 (1953). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished'. *United States v. Carll*, 105 U.S. 611, 612, 26 L.Ed. 1135 (1882)".

*Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974). See *Berger v. United States*, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

The Fifth Circuit Court of Appeals has cited *Hamling* and *Berger* with approval, and has held that the validity of criminal

pleadings are "determined by practical, not technical, considerations". *United States v. Guthartz*, 573 F.2d 225 (5th Cir. 1978). ▮ Recent Fifth Circuit decisions might at first glance appear contradictory. E. g., compare *Honea v. United States*, 344 F.2d 798, 804 (5th Cir. 1965) and *Babb v. United States*, 218 F.2d 538, 539 (5th Cir. 1955) *with United States v. Haas*, 583 F.2d 216, 220 (5th Cir. 1978), rehearing and rehearing en banc denied December 26, 1978 and *United States v. Purvis*, 580 F.2d 853 (5th Cir. 1978), rehearing and rehearing en banc denied November 15, 1978. These cases are consistent, however, under the following principles.

"The omission of an element of the crime, however, is not a mere formality that may be waived. 'An indictment that fails to allege each material element of an offense fails to charge that offense'. *United States v. London*, 550 F.2d 206, 211 (5th Cir. 1977)." *Purvis*, 580 F.2d at 858.

The indictment or information does not have to expressly allege each element if the statute is referred to in the information or indictment, and the missing element is set forth in the statute. *Government of Canal Zone v. Hodges*, 589 F.2d 207, 209 (5th Cir. 1979); *United States v. Arteaga-Limones*, 529 F.2d 1183, 1199–2000 (5th Cir. 1976). Moreover, the indictment or information does not have to allege each element if the indictment or information tracks the statutory language, and some word or words in the pleading are equivalent to the missing element or inform the defendant of the missing element. *United States v. Haas*, 583 F.2d 216, 219–21 (5th Cir. 1978) (words "corruptly did endeavor" are equivalent to words willfully, intentionally and knowingly under 18 U.S.C.A. § 1503); *United States v. Purvis*, 580 F.2d 853 (charging a "conspiracy" under 18 U.S.C.A. § 241 incorporates elements of willfulness and specific intent where factual averments inform defendant of alleged conduct in furtherance of the conspiracy and where alleged conduct is such that it informs defendant that specific intent is involved).

In the present case, neither the statute nor the information allege that the defendant had knowledge that the weapon was "on or about his person and his property". Knowledge of the presence of a concealed dangerous weapon is an element of the offense codified in 49 U.S.C.A. § 1472. *United States v. Lee*, 539 F.2d 606, 608 (6th Cir. 1976). There are no factual averments that would indicate that the defendant in this case is charged with having knowledge of the weapon. In fact, the Assistant United States Attorney has indicated that it is not entirely clear to the government that knowledge is an element, when she refers to knowledge as "what he [defendant] deems to be an essential element" and when she states that "[h]ence, assuming *arguendo,* that knowledge is a required element, . . . ." Opposition to Motion to Dismiss Information, 2, 3, *United States v. Pou*, 79–311–Cr–CA, Docket No. 18, (S.D.Fla. filed November 16, 1979). If the government is unsure whether knowledge is an element of the crime, it is expected that the information would reflect this uncertainty, and it is equally expected that the defendant would not be fully aware of the crime charged. The government, at oral argument, did state that it now agrees that knowledge is an element of the crime.

In this case the information tracks the language of the statute, and neither the statute nor the indictment convey the element of knowledge, either through express or equivalent words, or through factual averments. The Court therefore holds that this case is controlled by the Fifth Circuit's *Honea* and *Babb* decisions, and this case does not fall within the *Haas* and *Purvis* exception. The motion to dismiss is granted without prejudice in that the information fails to allege a crime because of the failure to plead knowledge.

This case is analogous to *United States v. Morrison*, 536 F.2d 286 (9th Cir. 1976), in which the Court held that an indictment failed to allege a crime when the indictment tracked the language of the statute and both statute and indictment did not indicate that the conversion had to be willful, know-

ing, or intentional. *Morrison* was cited with approval by the Fifth Circuit, *United States v. Purvis*, 580 F.2d at 859, and the Court distinguished *Morrison* from *Purvis* because in *Morrison* the allegation was inherently ambiguous and could have charged a tort of conversion instead of a crime.

 The government has argued that the use of the word "concealed" in the information in this case necessarily conveys the element of knowledge, and therefore this present case is within the *Haas-Purvis* exception. *Cf. United States v. Lee*, 539 F.2d 606, 608 n. 3 (6th Cir. 1976) ("concealed", held to mean knowing concealment when court determined that Congress, in enacting 49 U.S.C. § 1472, intended that knowledge be an element of the offense).

The word "concealed" in this case is, however, unlike the words "corruptly did endeavor" in *Haas*, and "conspiracy" and its accompanying factual allegations in *Purvis* because there is ambiguity as to who "concealed" in this case. In *Haas*, there was no doubt that the grand jury alleged that Haas, the defendant, "corruptly did endeavor" to influence a member of the grand jury. *See Haas*, 583 F.2d at 220. Similarly, in *Purvis*, there was no doubt that the grand jury charged that *Purvis*, the defendant conspired with deputy sheriffs to shoot and kill an escaping prisoner to prevent future escapes. *Purvis*, 580 F.2d at 855. In both cases, the substitute words and factual allegations adequately conveyed the mens rea element. In the present case, however, it is not clear, even assuming that "concealed" conveys knowing concealment, that the information charges the defendant with knowing concealment. It is equally probable that the information charges the defendant with the strict liability crime of attempting to board a commercial aircraft while in possession of a weapon someone else has knowingly concealed. See *United States v. Lee*, 539 F.2d 606, 608 n. 3 (6th Cir. 1976). This ambiguity is analogous to that in *Morrison*.

It may be possible for the word "concealed" to convey the element of knowledge if it is clear in the information, or through

factual averments, that it is the defendant who has concealed the weapon. In this information, however, there are no factual averments that would convey the element of knowledge.

The information is dismissed without prejudice.