**UNITED STATES of America**

v.

**Joseph H. MIGLIETTA.**

**No. 80–76–Cr–J–WC.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Dec. 12, 1980.

Robert Stuart Willis, Jacksonville, Fla., for defendant.

Ernst D. Mueller, Asst. U. S. Atty., Jacksonville, Fla., for United States.

## ORDER

CASTAGNA, District Judge.

The Defendant has filed a Motion to Dismiss and two Motions to Suppress, and oral argument has been held on these motions.

## Motion to Dismiss

■ The Defendant has filed a motion, pursuant to Rule 12 F.R.Crim.P., to dismiss the indictment. An indictment must be a "plain, concise and definite written statement of the essential facts constituting the offense charged." F.R.Crim.P. 7(c). The Court finds the indictment sufficient to withstand the motion to dismiss. Each count of the indictment when taken together with the Bill of Particulars which has been filed by the United States sets forth all the elements of the offense charged, is sufficient to protect against double jeopardy, apprises the defendant of the charges he must meet and allows him to prepare a defense. *United States v. Cuesta*, 597 F.2d 903 (5th Cir. 1979); *United States v. Haas*, 583 F.2d 216 (5th Cir. 1978). With respect to Count Six, the defendant has not demonstrated either that insufficient evidence to establish probable cause was presented to the Grand Jury, or that there is any legal precedent pursuant to which the Court can properly dismiss Count Six. *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974).

## Motion to Suppress

The defendant has filed two motions to suppress pursuant to Rule 41 F.R.Crim.P. One of the motions seeks to prohibit the use of certain physical property seized by federal agents in the execution of a search warrant on the defendant's business premises known as G. M. Products and Services, Inc., located at 510 Cedar Bay Road, Jacksonville, Florida, on August 22, 1980 at 4:00 o'clock A.M. Five separate grounds are set forth supporting that motion to suppress, however, only one merits serious consideration. The defendant alleges that "the facts and circumstances recited in the warrant to show probable cause were, themselves, in substantial part, the product of other unlawful searches and/or invasion of privacy." (Defendant's Motion to Suppress Physical Evidence, filed October 10, 1980, p. 1)

■ Where a search is conducted under the authority of a warrant, the defendant challenging the search carries the burden of showing the warrant to be invalid. *United States v. De La Fuente*, 548 F.2d 528, 533 (5th Cir. 1977). In an attempt to show such invalidity, Defendant relies on the fact that Government agents disguised as delivery personnel accompanied a legitimate United Parcel Service driver and entered the subject premises to deliver an actual parcel. Three such separate entries were conducted all without a search warrant and all prior to the issuance of the contested search warrant. The defendant claims that these entries were illegal and tht they rendered the subsequent warranted search unlawful.

■ Defendant contends that the warrant search was invalid because the warrant on which it was based was predicated on probable cause or information secured by previous entries where access was gained by false representations. The Supreme Court in *Lewis v. United States*, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966), sanctioned police investigations conducted by undercover agents who entered the homes of suspects to purchase contraband. The rationale of the decision is that an entry by an undercover agent is not illegal if one enters for the "very purposes contemplated by the occupant." *Id.* at 211, 87 S.Ct. at 427. Thus undercover agents may legally enter premises for the purposes granted or consented to by the occupant. In the present case, it is evident that the Government agents dressed as United Parcel Service employees were granted entrance to the premises for the purpose of delivering a package. The agents did not exceed the scope of the activities expected of them in making their deliveries, thus their entries are lawful despite their hidden identities and true purpose for entering the premises. *See also, Hoffa v. United States*, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). The legality of the agents' conduct may also be explained in terms of expectation of privacy. An occupant when permitting others to enter his or her dwelling willingly relinquishes his or her expectation of privacy to the extent and nature of the consent given to enter. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Any ob-

servation that normally could be or was made pursuant to that entry would fall within the plain view rule, *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), because the agents were legitimately on the premises and such information acquired by the agents' entries was not obtained in violation of defendant's Fourth Amendment rights. The defendant attempts to rely on *Gouled v. United States*, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921), and *Fraternal Order of Eagles v. United States*, 57 F.2d 93 (3rd Cir. 1932) and to distinguish *Lewis*. However, defendant reads *Lewis* too narrowly, and thus his reliance on *Gouled* and *Fraternal Order of Eagles* is misplaced. *See, United States v. Enstam*, 622 F.2d 857, 868 n.10 (5th Cir. 1980).

In the second Motion, the defendant seeks to suppress evidence taken from a residential dwelling at 2443 South Ponte Vedra Boulevard during a search by DEA agents on September 5, 1980, pursuant to a warrant and challenges the truthfulness of factual statements made in the affidavit supporting the warrant as well as the sufficiency of the warrant affidavit.

The legal standard for attacking the veracity of warrant affidavits was set forth in *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). There, the Supreme Court held that,

> where a defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

*Id.* at 155, 156, 98 S.Ct. at 2676.

The defendant asserts that misrepresentations are present in paragraphs 10, 16 and 19(i) of the warrant affidavit. As to paragraph 10 [1], the Court finds no misrepresentation. Paragraph 10 simply reflects the recollection of a personal conversation the affiant had with the defendant; nor is any falsity shown by defendant's reference to the DEA Investigation report. Although the referenced report does not contain the statement attributed to the defendant by the affiant in the affidavit, the mere absence of the statement in the report cannot be construed to affirmatively suggest culpable falsification by the affiant.

Paragraph 16 [2], and the correlative reference in paragraph 19(i) [3], to wit: "both" and "and in open court", are, however, stricken since the Court finds no supporting reference in the transcript of either bond hearing held before Magistrate Schlesinger.

---

1. Paragraph 10. Upon questioning about houses in S. Ponte Vedra, Miglietta informed me on August 22, 1980, that the only residence in S. Ponte Vedra that he owned or had any connection with was at 2757 S. Ponte Vedra Boulevard, denying any connection with any other residence there. The residence at 2757, he indicated, belonged to Gomez.

2. Paragraph 16. At a bond hearing before the U. S. Magistrate subsequent to Miglietta's arrest, he represented both personally and through counsel that the only property he had an interest in in South Ponte Vedra was the one located at 2757 S. Ponte Vedra Boulevard, and that his family lived at the Atlantic Beach residence described in paragraph 15 above. Douglas Driver, who attended this hearing, furnished me with this information.

3. Paragraph 19(i). On my knowledge that Miglietta has attempted to conceal his connection with 2443 S. Ponte Vedra Boulevard, both in conversations with me and in open court, whereas he has made no effort to conceal his interest in his home or in the house at 2757 S. Ponte Vedra Boulevard, I believe that a tableting press, punches and dies for use in tableting, and methaqualone are located in the house located at 2443 South Ponte Vedra Boulevard, South Ponte Vedra, St. Johns County, Florida.

However, no evidence of willful falsification or reckless disregard for the truth has been shown, and even with those deletions from the affidavit, probable cause does still appear.

 In reviewing the affidavit to ascertain whether it furnished probable cause for the warrant sought, it is given a "common sense and realistic" interpretation. *See, United States v. Maestas*, 546 F.2d 1177, 1180 (5th Cir. 1977). A magistrate's factual conclusions in determining that probable cause to issue a warrant exists are entitled to considerable deference. *Spinelli v. United States*, 393 U.S. 410, 417, 89 S.Ct. 584, 589, 21 L.Ed.2d 637 (1969); *United States v. Allen*, 588 F.2d 1100, 1106 (5th Cir. 1979). The Fifth Circuit has gone as far as to state that the magistrate's determination "is conclusive in the absence of arbitrariness." *Bastida v. Henderson*, 487 F.2d 860, 863 (5th Cir. 1973). Of course, this deference is not absolute and this Court would not find probable cause for the issuance of a warrant where none exists, simply because a magistrate previously made that finding.

 The affidavit on which the search warrant was issued must satisfy the constitutional standards as enunciated in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The magistrate's determination of probable cause justifying the issuance of a warrant must be supported by an affidavit that discloses the underlying circumstances from which the affiant has concluded that the information is reliable and it must set forth the underlying circumstances to enable the magistrate independently to judge the validity of the affiant's conclusion that the items to be seized will be found in the place to be searched. *Spinelli v. United States*, 393 U.S. at 413, 89 S.Ct. at 587; *United States v. Bailey*, 458 F.2d 408 (9th Cir. 1972). "The affidavit need not contain information providing certainty that the objects sought will be found as a result of the search." *United States v. Maestas*, 546 F.2d at 1180. It is only neces-

sary that the facts and circumstances described in the affidavit would warrant a man of reasonable caution to believe that the articles sought will be found at the place of the proposed search. *Id.*

The defendant contends that the search was unlawful in that the supporting affidavit failed to show probable cause. The thrust of defendant's argument appears to be that the information in the affidavit only establishes the probable existence of evidence and the apparent involvement of the defendant in producing methaqualone, but fails to show that the evidence would probably be found at the dwelling in question.

The defendant relies on *United States v. Gramlich*, 551 F.2d 1359 (5th Cir. 1977), rehearing and rehearing en banc denied, to support his position. In *Gramlich*, Judge Tjoflat held that the fact that the owner of the residence had been caught in the act of smuggling contraband at a place over fifty miles from his residence was alone insufficient to justify the inference that incriminating evidence existed at the residence. The affidavit made no mention of any suspicious activity occurring at or near the residence. However, the Fifth Circuit has recognized that evidence that a defendant has stolen material which one normally would expect him to hide at his residence will support a search of his residence. *Maestas, supra*. *See also, United States v. Lucarz*, 430 F.2d 1051 (9th Cir. 1970); *United States v. Rahn*, 511 F.2d 290 (10th Cir. 1975).

An examination of the affidavit supports the conclusion that the described items would probably be found in the subject residential dwelling. The affidavit read as a whole in a realistic and commonsense manner satisfies the necessary legal standards, and cannot be read as describing the existence of mere innocent behavior and circumstances; the salient portions are as follows:

1) It appeared that methaqualone powder may have already been produced and moved from the premises of G. M. Products and Services to another location. Defendant,

Miglietta, had ordered and received both punches and dies for tableting purposes and a tableting press which were not found on the premises at G. M. Products and Services when the search warrant was executed on August 22, 1980, and substantial quantities of chemicals used in the apparent production of methaqualone were not found at the G. M. premises. (Paragraphs 4, 5, 6).

2) The defendant, Miglietta, according to the affidavit, told DEA Agent Starrat that an individual named Gerardo Gomez financed the methaqualone manufacturing operation at G. M. Products and Services. (Paragraph 9). Miglietta purchased the dwelling at 2443 S. Ponte Vedra Boulevard in the name of this same individual. (Paragraph 8d). The combined knowledge of these two facts gives rise to an entirely permissible inference that the subject dwelling was purchased in connection with the very same activities occurring at G. M. Products and Services itself.

3) Miglietta himself was seen driving to the dwelling at 2443 S. Ponte Vedra Boulevard during the time period when he was apparently involved in manufacturing the methaqualone. (Paragraphs 14 and 15).

4) Evidence suggested that Miglietta intended to use the ground floor of the subject dwelling as a workshop. (Paragraphs 8a, 8b, and 8c). The presence of the forklift indicated that some heavy objects or possibly equipment would be found at the premises. (Paragraph 8b). It is a reasonable inference that the forklift would be used to move heavy equipment, such as the tableting machine described in paragraphs 7 and 7a of the affidavit, which was delivered to the defendant at G. M. Products and Services, Inc., but was not found there when the search warrant on those premises was executed.

5) The windows of the premises were covered by a material that appeared similar to the styrofoam sheets earlier seen in Miglietta's car. The covering of the windows in this fashion prevented anyone from looking into the ground floor of the premises. (Paragraph 18).

In sum, the affidavit established the probability that the subject dwelling was being used as a workshop for the production of methaqualone, that the dwelling was purchased by Miglietta on behalf of his business partner, Gerardo Gomez; that the inside of the dwelling was concealed from view from the outside; that Miglietta had visited this workshop at the very time it appeared that methaqualone was being manufactured, that in visiting the dwelling he carried with him material that appeared to be the same as that used to cover up the windows, that equipment and chemicals that had been delivered to G. M. Products and Services for the purpose of manufacturing tablets were not found at the G. M. premises when the search warrant was executed, and that the forklift, which could be used to move the equipment missing from G. M., was present at the workshop. In context of these facts, the affidavit did establish that the items sought in the search warrant would probably be located at the subject dwelling.

The foregoing findings and opinion make it unnecessary to address the issue of the "standing" of the Defendant to assert his Fourth Amendment rights in the light of *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

Accordingly, it is

ORDERED that:

1. Defendant's Motion to Dismiss and the two Motions to Suppress are denied.

2. Paragraph 16 and that portion of Paragraph 19(i), to wit: "both" and "and in open court" of the affidavit supporting the search warrant of the premises located at 2443 South Ponte Vedra Boulevard, South Ponte Vedra, St. Johns County, Florida are stricken.