940 F.2d 660
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andre KLICZAK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-2243.
 United States Court of Appeals, Sixth Circuit.
 July 19, 1991.
 
 1
 Before BOGGS, Circuit Judge, BAILEY BROWN, Senior Circuit Judge, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 Andre Kliczak is a pro se federal prisoner who appeals the denial of a motion to vacate his sentence under 28 U.S.C. Sec. 2255. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Kliczak was charged in a 25-count indictment that arose from a fraudulent investment scheme. He eventually pled guilty to one count of witness tampering in exchange for the dismissal of all of the other charges. Cf. 18 U.S.C. Sec. 1512. In his motion, Kliczak argued that he was denied effective assistance of counsel and that there were errors in his presentence report. On October 31, 1990, the district court adopted a magistrate's recommendation and denied the motion. It is from this judgment that Kliczak now appeals. He has also filed a motion for appointment of counsel.
 
 
 4
 Kliczak has not reiterated any argument regarding his presentence report on appeal. Therefore, that issue has been abandoned for purposes of appellate review. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). However, Kliczak still argues: 1) that his indictment was defective; 2) that his guilty plea was defective; 3) that the trial court committed several "technical" errors under Fed.R.Crim.P. 11; 4) that there was not a sufficient factual basis for his plea; and 5) that he was denied effective assistance of counsel because his attorney did not advise him that scienter was an element of witness tampering.
 
 
 5
 The district court found that Kliczak misled potential witnesses because he admitted telling them that he knew their investments were safe when he did not know that this was the case. The gravamen of Kliczak's arguments is that he did not engage in misleading conduct because he did not make any statements that he knew to be false. However, conduct may be misleading even if it does not involve an overt misrepresentation of fact. The witness tampering statute is offended not only by making false statements but also by providing potential witnesses with incomplete information in an attempt to hinder a prosecution. 18 U.S.C. Sec. 1515(a)(3)(B); cf. United States v. Rodolitz, 786 F.2d 77, 81-82 (2d Cir.), cert. denied, 479 U.S. 826 (1986). Therefore, Kliczak's arguments regarding his counsel's advice, his understanding of the charge, and the factual basis for his plea are each without merit. Moreover, the indictment was sufficient to charge Kliczak with witness tampering because it cited directly to 18 U.S.C. Sec. 1512 and because it described conduct that satisfied the elements of that crime. See Seawright v. United States, 224 F.2d 482, 483 (6th Cir.) (per curiam), cert. denied, 350 U.S. 838 (1955). Finally, the alleged violations of Rule 11 were not so egregious that Kliczak would be entitled to collateral relief under 28 U.S.C. Sec. 2255. See Berry v. Mintzes, 726 F.2d 1142, 1146-50 (6th Cir.), cert. denied, 467 U.S. 1245 (1984).
 
 
 6
 Accordingly, Kliczak's motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation